IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | Criminal Action No. 3:13CR154–HEH |
| | ) | |
| BRANDON LEE CAUDLE, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**
(Denying Motion for Modification of Restitution)

THIS MATTER is before the Court on Defendant Brandon Lee Caudle's Motion for Modification of Restitution, filed *pro se* on December 8, 2016. (ECF No. 30.) The United States filed a response opposing Defendant's motion on May 9, 2017. (ECF No. 33.) Defendant replied on May 18, 2017. (ECF No. 34.) For the reasons that follow, the Court will deny the Motion.

## I. BACKGROUND

On September 10, 2013, Defendant pleaded guilty in this Court to one count of mail fraud, in violation of 18 U.S.C. § 1341, and one count of aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1). Those offenses were partially committed between roughly January and February 2012 while Defendant was imprisoned at Federal Correctional Complex Petersburg. (ECF No. 8.) On December 17, 2013, this Court sentenced Defendant to two consecutive twenty-four month terms of imprisonment, for a total term of forty-eight months, to be followed by three years of supervised release.

(ECF No. 19.) The Court further ordered Defendant to pay $16,135.35 in restitution "due and payable immediately" to the Internal Revenue Service ("IRS"). (Id.)

On July 15, 2016, Defendant pleaded guilty in the United States District Court for the Northern District of Ohio to three counts of mail fraud, in violation of 18 U.S.C. § 1341. A portion of the conduct that constituted those offenses occurred while Defendant was serving this Court's sentence at Federal Correctional Institution, Elkton, in Lisbon, Ohio. *See* Criminal Information, *United States v. Caudle*, No. 4:16-CR-179-SL (N.D. Ohio May 27, 2016). On October 11, 2016, the Ohio court sentenced Defendant to forty-one months imprisonment, to be served consecutively with any other state or federal sentence, and three years of supervised release. The Ohio court further ordered Defendant to pay $7,500.78 in restitution, which includes payment to non-federal victims.

Defendant has now moved this Court to modify his restitution payments, and both sides have filed memoranda supporting their respective positions. The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before it, and oral argument would not aid in the decisional process. E.D. Va. Loc. Civ. R. 7(J).

## II. DISCUSSION

Defendant appears to make two arguments. First, he contends that the restitution ordered in this Court should be subordinate to the restitution ordered in the Northern District of Ohio. Next, Defendant appears to argue that the percentage of income ordered

2

to be paid towards restitution should be reduced because of financial hardship. Each of these arguments will be addressed in turn.

Defendant's argument that this Court's restitution order should be subordinate to the Ohio court's is based on 18 U.S.C. 3664(i), which states:

> If the court finds that more than 1 victim has sustained a loss requiring restitution by a defendant, the court may provide for a different payment schedule for each victim based on the type and amount of each victim's loss and accounting for the economic circumstances of each victim. In any case in which the United States is a victim, the court shall ensure that all other victims receive full restitution before the United States receives any restitution.

Relying on this provision, Defendant argues that because the Ohio court ordered him to pay restitution to non-federal victims, he should be required to pay all of his Ohio restitution before paying the restitution ordered by this Court, which involves solely a federal victim, the IRS.

However, Defendant's reliance on § 3664(i) is unsound. 18 U.S.C. § 3664(i) clearly applies only to victims in the same "case." Therefore, that provision cannot be used to prioritize the restitution order from one case over the restitution order from another case. Because the IRS is the sole victim in Defendant's offense in this Court, § 3664(i) is inapplicable. As such, the Court declines to subordinate its restitution order.

Defendant next argues that the Court should reduce the percentage of his income ordered to be paid toward restitution because of his financial hardship. A restitution order is considered a final judgment. 18 U.S.C. § 3664(o). However, restitution can be

> (A) corrected under Rule 35 of the Federal Rules of Criminal Procedure and section 3742 of chapter 235 of this title;

(B) appealed and modified under section 3742;

(C) amended under subsection (d)(5); or

(D) adjusted under section 3664(k), 3572, or 3613A.

18 U.S.C. § 3664(o)(1).

Defendant is not trying to correct or appeal his restitution order pursuant to subsections (A) or (B). Nor is he attempting to amend the restitution order under subsection (C), which only applies to situations where the restitution is to be increased. Thus, the relief Defendant seeks may only come through subsection (D), which incorporates 18 U.S.C. § 3664(k).[1] Pursuant to § 3664(k), "[u]pon receipt of [notification of a material change in Defendant's economic circumstances], the court may, on its own motion, or the motion of any party, including the victim, adjust the payment schedule, or require immediate payment in full, as the interests of justice require."

In this case, Defendant's Ohio restitution obligation does not constitute a material change of economic circumstances under § 3664(k). And, Defendant has not alleged any other change in economic circumstances, nor exception under § 3664(o), to justify modification. *See United States v. Grant*, 715 F.3d 552, 559 (4th Cir. 2013) (finding that the court could only modify restitution payments if there had been a material change in financial circumstances as defined under § 3664(k) absent any other enumerated exceptions).

---

[1] Sections 3572 and 3613A are inapplicable because § 3572 applies only to fines and § 3613A concerns a defendant's default.

4

Other courts have reached the same conclusion when confronted with similar requests for modifications. In *United States v. Knight*, the Third Circuit agreed with the district court's determination that the defendant's limited earning capacity in prison did not constitute a change in economic circumstances to justify a reduction in restitution payments. 315 Fed. App'x 435, 437 (3d Cir. 2009) (unpublished opinion); *see also United States v. Banks*, 430 Fed. App'x 179, 181 (3d Cir. 2011) (unpublished opinion) ("any change in [the defendant's] economic circumstances was self-induced and hardly constitute[d] a material change in economic circumstances"). While these cases are not binding, the Court finds them informative and instructive.

Here, similar to the factual settings in *Banks* and *Knight*, Defendant's Ohio restitution order comes from self-induced circumstances, that is, committing mail fraud in Ohio. As such, Defendant has not experienced the requisite material change in economic circumstances for this Court to exercise its discretion to adjust his payment schedule.

Therefore, Defendant has failed to satisfy the standards set out in § 3664(i) and § 3664(k) to justify modification of restitution payments. Defendant's restitution obligation will not be reduced, nor will the victim of his Virginia offense, the IRS, be subordinate to his later injured Ohio victims as a result of Defendant's own actions and self-induced circumstances.

### III. CONCLUSION

Based on the foregoing, Defendant's Motion for Modification of Restitution will be denied.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Date: June 6, 2017
Richmond, VA